IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0237 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**

Petitioner R. WAYNE JOHNSON has submitted a petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2254. Petitioner Johnson failed to utilize the forms required by the Northern District of Texas for submission of petitions for writs of habeas corpus and his pleading is deficient for that reason. Since Johnson is not entitled to habeas corpus relief he will not be required to utilize the form petition at this time.

The habeas corpus relief petitioner requests is for this Court to issue a show cause order to respondent, for the Court to rule certain sections of the Texas Government Code and Penal Code unconstitutional, to grant petitioner immunity from prosecution for the unauthorized practice of law, and for such other and further relief as appropriate.

Title 28 U.S.C. § 2254 applies to prisoners who are in custody pursuant to a state conviction and who are challenging the constitutionality of the state judgment or conviction. Petitioner Johnson has not disclosed the particular offense or offenses for which he has been convicted and which have resulted in his present incarceration in the Texas Department of Criminal Justice, but it is clear from his pleading that he is not in prison based upon a conviction

for the unauthorized practice of law.¹  Therefore, the pleadings submitted by petitioner Johnson do not entitle him to relief under 28 U.S.C. § 2254.

Since Johnson may not maintain a § 2254 action, the Court considers whether he may maintain an action pursuant to 28 U.S.C. § 2241 even though he has not pled such section.  28 U.S.C. § 2241 provides a writ of habeas corpus may be granted to a prisoner who contends he is in custody in violation of the Constitution or laws or treaties of the United States.  Title 28 U.S.C. § 2241(c)(3).  Petitioner Johnson does not allege he is being held <u>in custody</u> in violation of the Constitution or laws of the United States, and he has not challenged his present confinement.  Instead, Johnson contends he is entitled to habeas corpus relief because he <u>might</u> be prosecuted for the unauthorized practice of law at some future time.²  Johnson does not allege any charges have been filed against him, nor does he contend any prosecution is imminent.  Instead, Johnson appears to be claiming he may be subject to prosecution in the future.  Since Johnson has not alleged he is presently being held in custody in violation of the Constitution or laws of the United States, he is not entitled to habeas corpus relief pursuant to either § 2241 or § 2254 of Title 28.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for writ of habeas corpus be DISMISSED.

## INSTRUCTIONS FOR SERVICE

---

¹According to the Penal Code section cited by petitioner Johnson, the offense of the unauthorized practice of law is a misdemeanor offense unless a person has previously been convicted of the charge.  Johnson does not allege that he has previously been convicted of the unauthorized practice of law.

²Johnson submitted a copy of a letter dated February 6, 2002, from the unauthorized practice of law committee in support of his claim that he could be prosecuted.  That letter, however, does not threaten criminal prosecution.

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of July 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).